Veloso v Scaturro Bros., Inc. (2026 NY Slip Op 01329)

Veloso v Scaturro Bros., Inc.

2026 NY Slip Op 01329

Decided on March 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 10, 2026

Before: Renwick, P.J., Kennedy, Friedman, Mendez, Hagler, JJ. 

Index No. 153222/17, 595235/19|Appeal No. 6032|Case No. 2025-02610|

[*1]Alexandre Veloso, Plaintiff-Respondent,
vScaturro Brothers, Inc. Doing Business as Alpine Painting & Sandblasting Contractors, et al., Defendants, Hunter Roberts Construction Group, LLC, Defendant-Appellant. [And a Third-Party Action] 

Cullen and Dykman LLP, New York (Angelo Spedafino of counsel), for appellant.
Lisa M. Comeau, Garden City, for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered March 10, 2025, which denied the motion of defendant Hunter Roberts Construction Group, LLC (HRCG) for summary judgment dismissing the complaint and all cross-claims against it, unanimously modified, on the law, to grant the motion to the extent of dismissing plaintiff's Labor Law § 200 and common-law negligence claims as against HRCG, and otherwise affirmed, without costs.
Supreme Court correctly declined to dismiss the Labor Law § 240(1) and § 241(6) claims as against HRCG. The record presents triable issues of fact as to whether HRCG, which was the construction manager on the project, was responsible for directing or supervising the lead abatement work on the project, or was a statutory agent of the owner. On the one hand, the record establishes that there was no general contractor on the project and that under the terms of the construction management agreement, HRCG was authorized to generally supervise and direct the subcontractors' work. The agreement also authorized HRCG to develop and enforce a project safety plan to ensure subcontractors' compliance with applicable laws, including those governing safety. Further, HRCG had the power to stop work if an unsafe work practice was observed. This evidence suggests that HRCG is susceptible to liability under sections 240(1) and 241(6) (see Walls v Turner Constr. Co., 4 NY3d 861, 864 [2005]; Mannino v Waldorf Exteriors, LLC, 235 AD3d 470, 471 [1st Dept 2025]).
On the other hand, another provision in the construction management agreement suggested that HRCG was not responsible for overseeing the work of the lead paint subcontractor, which was plaintiff's employer. Several witnesses testified to that effect at their depositions, and noted that HRCG was not licensed or certified to oversee lead abatement work. The evidence also showed that HRCG was precluded from accessing the containment area as the lead paint removal work was in progress. As a result of the conflicting evidence, issues of fact remain on whether HRCG was a proper defendant for purposes of Labor Law §§ 240(1) and 241(6).
Nevertheless, Supreme Court should have dismissed plaintiff's Labor § 200 and common-law negligence claims as against HRCG, as there is no evidence raising a triable issue of fact as to whether HRCG actually directed or controlled plaintiff's injury-producing work. Further, HRCG was not allowed access to the containment area where plaintiff worked and was injured (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 143-144 [1st Dept 2012]).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2026